79,393-04

RE:CAUSE NO.11-11408-C,application for writ of habeas corpus

Dear Court Clerk

Enclosed please find and file with the Court the following:

1.MOTION FOR ENTRY OF ORDER DESIGNATING ISSUES,DIRECTING THE SUBMISSION OF AFFIDAVITS AND FOR EVIDENTIARY HEARING

2.ORDER DESIGNATING ISSUES AND DIRECTING THE SUBMISSION OF AFFIDAVITS FROM APPLICANTS COUNSEL.

Thank you for your attention to this matter.

**MOTION DENIED**
**DATE:** 1-13-14
**BY:** P.C.

Sincerly,

X *Thomas A. Ambriati*
THOMAS A.AMBRIATI
TDCJ-ID#1760718
McConnell Unit
3001 S.Emily Dr.
Beeville,Texas
78102

December 24,2014

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

1.

CAUSE NO.11-11408-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE |
| | § | COURT OF CRIMINAL APPEALS |
| THOMAS ANTHONY AMBRIATI, | § | AUSTIN,TEXAS |
| | § | |
| Pro se Applicant. | § | |

## MOTION FOR ENTRY OF ORDER DESIGNATING ISSUES,DIRECTING THE SUBMISSION OF AFFIDAVITS AND FOR EVIDENTIARY HEARING

TO THE HONORABLE JUDGE AND JUDGES OF SAID COURT:

COMES NOW,Thomas A.Ambriati,Pro se Applicant in the pending application for post conviction writ of habeas corpus,and respectfully moves this Court,pursuant to Article 11.07,§ 3,et seq.,of the Texas Code of Criminal procedure,to enter an Order Designating Issues And The Submission Of Affidavits and,pursuant to that Order, schedule and hold an evidentiary hearing,followed by entry of appropriate Findings and Recommendations,and would show the Court:

I.

Applicant filed his first writ application and was granted an out time petition for discretionary review which was refused,he then filed his second writ application which was denied,on the grounds that it was non-compliant,Applicant now files this third writ application,seeking reversal of his conviction,on grounds that his trial counsel and his appellate counsel on appeal were both ineffective,among other trial court errors and prosecutorial misconduct errors,and actual innocence.

II.

Applicant was denied effective assistance of counsel at trial, when his counsel rendered the trial an unfair and unreliable adversarial testing process by counsel's errors,the State's own answer to the present writ application-C,points to the need for

1.

appropriate submissions of affidavits from trial counsel,and to the need for an evidentiary hearing,so Applicant can cross-examine trial counsel in the crucible of the courtroom,where its the only appropriate means to find where the truth lies in this case.

Applicant is entitled to an evidentiary hearing and the only appropriate manner is by that hearing to do proper and reliable findings of fact.

### III.

Applicant claims he was denied effective assistance of counsel by appellate counsel failing to raise errors on appeal that would have required a reversal,the State's answer to these claims also point to the need for appropriate affidavits and an evidentiary hearing,the State made several statements in there answer to this application that appropriate affidavits are needed,Applicant now asserts that the only appropriate manner would be the submission of affidavits and an evidentiary hearing,again the only true way to find the truth is in the crucible of the courtroom,as the U.S. Supreme Court ruled in **Crawford v.Washington**,541 U.S.36,61-62(2004).

### IV.

The State's answer to the prosecuotrial and trial court errors also points to the need for an appropriate evidentiary hearing,to find the truth in the crucible of the courtroom,where it is the only appropriate manner for truth finding,the State was correct that this was in the record,which makes it even more appropriate for an evidentiary hearing to find the truth in the courtroom,it is impossible for Applicant pro se to adequately argue his points of error,when he is incarcerated and without an attorney,if the Court orders an Evidentiary hearing it would be appropriate to

2.

appoint Applicant an attorney, after determining Applicant is indigent.

## V.

Applicant is not claiming a right to confront his trial and appellate counsel as if this was a criminal trial. However, he asserts that the only way the Court can properly assist the Court of Criminal Appeals in its habeas corpus role and truely resolve the question of whether Applicant was denied the effective assistance if counsel is to schedule a live evidentiary hearing, after the submission of comprehensive affidavits, at which time Applicant would be able to both introduce live testimony supporting his claims, and test the reliability of the statements made by his former counsel in the "crucible" of the courtroom.

## VI.

Applicant filed the current application with supporting memorandum with exhibits, in **Computor Generated Format**, that was within and under the word limit set forth in Texas Rule of Appellate Procedure Rul 73.1 and 73.2, the trial court is incorrect in its finding and this also points to the need for appropriate fact findings on the issue, since the second writ application was also dismissed on non-compliance of the rule 73, the second writ was incompliance, and now the trial court is claiming this writ application does not comply with Rule 73.1 and 73.2, this points directly to the need for this Court to do appropriate findings on the correctness of the trial court's findings on the compliance rule of the memorandum of law in support of this current application for writ of habeas corpus.

3.

Applicant would suggest that, due to the time required to obtain witnesses and ensure their presence, as well as to prepare for a full and complete hearing, the hearing be Ordered by this Court since the trial Court has passed it on, and the hearing be schduled no less than sixty days after the submission of affidavits from Applicant's trial and appellate counsel.

## PRAYER FOR RELIEF

WHEREFORE, Applicant pryas that this Court enter an Order for the trial court to Designate Issues, directing Applicant's trial and appellate counsel to file comprehensive AFFIDAVITS, and there-after, to set an evidentiary hearing or at least allow both sides to further address the need ofr an evidentiary hearing after con-sideration of those affidavits.

Thereafter, this Court should allow both sides to submit proposed findings of fact and conclusions of law, as allowed by Article 11.07 et seq., and to recommend that the Court of Criminal Appeals grant such relief to which Applicant is entitled.

Respectfully Submitted,

X _Thomas A. Ambriat_

THOMAS A. AMBRIATI
TDCJ-ID#1760718
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas
78102

4.

## UNSWORN INMATE DECLARATION

I,Thomas A.Ambriati,hereby declare under penalty of perjury the foregoing is true and correct,I am an incarcerated inmate at the McConnell Unit,located in Beeville,Bee County,Texas.

Signed this the 24,day of December,2014.X _Thomas C. Cembriat_

THOMAS A.AMBRIATI
McConnell Unit
TDCJ-ID#1760718
3001 S.Emily Dr.
Beeville,Texas
78102


## CERTIFICATE OF SERVICE

I,Thomas A.Ambriati,hereby certify that a true and correct carbon copy of this foregoing motion has been sent via U.S.Mail, to:CRIMINAL DISTRICT ATTORNEY JEFFERSON COUNTY,TEXAS,1085 Pearl St. 3rd Floor,Beaumont,Texas 77701.

Signed this the 24 day of December,2014.X _Thomas C. Cembriat_

THOMAS A.AMBRIATI

5.

CAUSE NO.11-11408-C

EX PARTE                              §              IN THE
                                      §
THOMAS ANTHONY AMBRIATI,              §      COURT OF CRIMINAL APPEALS
                                      §
                                      §         AUSTIN,TEXAS
Pro se Applicant.                     §

**ORDER DESIGNATING ISSUES AND
DIRECTING THE SUBMISSION OF AFFIDAVITS FROM
APPLICANT'S COUNSEL**

Before the Court is the application for writ of habeas corpus filed by THOMAS A.AMBRIATI.The Court,after reviewing the writ and the supporting documentation[including the "memorandum Of Facts And Law(with exhibits)in Support of the application,the State's Response and the trial court's finding,this Court grants the "Motion For Designation Of Issues And Directing Submission Of Affidavits From Trial And Appellate Counsel And Request For An Evidentiary Hearing,the Court Finds That Applicant alleges facts which if true may entitle him to relief as to the cliams raised in the writ application.

Therefore,the issues of ineffective assistance of trial and appellate counsel must be resolved and the Court hereby Designates these issues to be decided in this case,pending further actions of the Court,it is Ordered back to the trial court for appropriate submission of affidavits and if a evidentiary hearing is needed that the trial court appoint counsel after determining if the Applicant is indigent.

The Clerk of this Court is Ordered to send back all records in this case to the Trial Court for further proceedings as to the motion for designating and submission of affidavits and for an evidentiary hearing if needed and appropriate.It is Ordered.

Signed this the____day of_____,201 .
                                    _____
                                    PRESIDING JUDGE

1.